**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 24-53-DLB**

**MICHAEL THORNTON**                                                **PLAINTIFF**

**VS.**                            **MEMORANDUM ORDER**

**WELLPATH, ET AL.**                                        **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

Michael Thornton is an inmate at the Eastern Kentucky Correctional Complex ("EKCC"), a state prison located in West Liberty, Kentucky. Proceeding without a lawyer, Thornton filed a civil rights complaint. (Doc. # 1). That pleading is now before the Court on initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Thornton alleges that, in May of 2023, he experienced pain in his elbow and arm and was taken from the EKCC to the University of Kentucky ("UK") Hospital for surgery. (Doc. # 1 at 4). Thornton says he returned to the prison after the surgery and "was told by the Nursing Staff (Wellpath) that I was able to remove the bandage and take a shower/clean my arm." (*Id.*). Thornton suggests he did so and that this caused his arm to become infected. (*See id.*). Thornton then alleges that he "had to be placed on 2 antibiotics" and visit "the specialist" who "said that the bandage and wrap was never suppose[d] to come off until I came to have my stich[e]s removed," which was approximately three weeks later. (*Id.*). Thornton then says, "The specialist told me that he didn't tell the prison or[ ] medical staff that, but that was the full instructions I was given

1

as soon as I got[ ] back." (*Id.*).  Thornton suggests that, because he prematurely cleaned his arm, he now suffers from various health-related complications and may need to have an additional surgery.  (*See id.* at 4-5).  Thornton also says that he "complained to the Prison Nurse & APRN (Wellpath) several times & filed a grievance," but "it was sent back" because "they claimed I couldn't file one."  (*Id.* at 4).

Thornton names four defendants in his pleading:  (1) W. Whitney, who he alleges is employed by Wellpath, Inc. as an Advanced Practice Registered Nurse ("APRN") and works at the EKCC; (2) Srinath Kamineni, who he alleges is a medical doctor at "UK Healthcare/KY Clinic Orthopedic Surgery – Sports;" (3) Justin B. Cecil, who he alleges is a physician assistant ("PA") at "UK Healthcare/KY Clinic Orthopedic Surgery – Sports;" and (4) Denise Burkett, who he alleges is the "Medical Services Director" at the Kentucky Department of Corrections ("KDOC").  (*Id.* at 2).  Thornton indicates that he is suing each defendant in their individual and official capacities.  (*Id.*).

While Thornton's legal claims are difficult to follow, he appears to be asserting Eighth Amendment claims against at least some of the defendants, saying that "prison officials violate the Constitution when they act with pure deliberate indifference to an inmate's serious medical needs."  (*Id.* at 5).  Thornton also suggests he wants to pursue state law negligence claims against the various defendants; after all, he references the "duty of care owed to prisoners," the "standard of care," the "duty under state statutes . . . to provide reasonable care;" and the "duty to provide medical care."  (*Id.*).  Thornton is seeking compensatory and punitive damages.  (*Id.* at 6).

Having reviewed Thornton's pleading pursuant to §§ 1915A and 1915(e)(2), the Court will first dismiss, without prejudice, his official capacity claims against W. Whitney,

2

which the Court construes as claims against Wellpath, Inc. While Thornton alleges that W. Whitney is employed by Wellpath, he has not alleged any substantive facts vis-à-vis Wellpath that would state a claim upon which relief may be granted against that entity.

Next, the Court will dismiss, without prejudice, Thornton's remaining official capacity claims, which it construes as claims against the Commonwealth of Kentucky. The Commonwealth is not subject to suit for money damages; in fact, the Eleventh Amendment deprives this Court of subject matter jurisdiction over claims for money damages against a state and its agencies. *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). Therefore, the rest of Thornton's official capacity claims are unavailing.

That leaves Thornton's individual capacity claims against the four named defendants. The Court will first dismiss, with prejudice, Thornton's claims against Denise Burkett. Although Thornton alleges that Burkett is the "Medical Services Director" at the KDOC, he does not assert any substantive allegations against her. Rather, Thornton suggests he is pursuing claims against Burkett simply because she is a supervisor at the KDOC. The United States Court of Appeals for the Sixth Circuit, however, has made it clear that liability "must be based on more than respondeat superior, or the right to control employees." *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Thus, Thornton has failed to state a claim against Burkett.

The Court will also dismiss, without prejudice, Thornton's claims against Dr. Srinath Kamineni and PA Justin B. Cecil. Thornton does allege that each of these individuals are medical providers at "UK Healthcare/KY Clinic Orthopedic Surgery – Sports." However, Thornton does not specifically allege what each of these individuals

3

did or failed to do to cause him harm. Instead, Thornton generically refers to his alleged interactions with "the specialist." (*See* Doc. # 1 at 4-5). By framing his allegations this way, it is not clear whether Thornton is describing his interactions with Dr. Kamineni, PA Cecil, or some other medical provider. (*See* Doc. # 1 at 4-5). And while Thornton attaches some of his medical records to his complaint, those documents include the names of both providers, as well as what appears to be the signature of another APRN. (*See* Doc. # 1-2 at 3-4). Therefore, the Court cannot link Thornton's allegations to a specific defendant. Ultimately, the complaint form that Thornton completed directed him to "describe how each defendant violated his rights," and he failed to clearly do so with respect to Dr. Kamineni and PA Cecil. (*See* Doc. # 1 at 4). As a result, the Court will dismiss, without prejudice, Thornton's claims against these defendants.

The Court will, however, allow Thornton to proceed with his individual capacity claims against APRN W. Whitney, the sole remaining defendant. Construing Thornton's complaint broadly, it appears that he is referring to APRN W. Whitney when describing his interactions with "nursing staff" and the alleged instructions he received regarding the removal of his bandage and ability to shower and clean his arm after he returned to the EKCC. (*See* Doc. # 1 at 4-5). Since Thornton is incarcerated and proceeding as a pauper, the Court will direct the Clerk's Office and the United States Marshals Service to serve defendant Whitney with a summons and copy of the complaint on Thornton's behalf. *See* Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d). Defendant Whitney will then be required to respond to Thornton's complaint within 21 days after being served.

Accordingly, it is **ORDERED** that:

(1)    Thornton's **official capacity** claims are **DISMISSED** without prejudice;

(2)   Thornton's **individual capacity** claims against defendant Denise Burkett are **DISMISSED** with prejudice;

(3)   Thornton's **individual capacity** claims against defendants Srinath Kamineni and Justin B. Cecil are **DISMISSED** without prejudice;

(4)   That said, Thornton may **PROCEED** with his **individual capacity** claims against defendant APRN W. Whitney.  Since Whitney is the sole remaining defendant, the Clerk's Office is directed to **TERMINATE** all other defendants from this action;

(5)   A Deputy Clerk shall prepare one Service Packet for service upon defendant APRN W. Whitney.  The address for this defendant is the Eastern Kentucky Correctional Complex, 200 Road to Justice, West Liberty, Kentucky 41472.  The Service Packet shall include:

    a. a completed summons form;

    b. a copy of Thornton's complaint at Doc. # 1;

    c. a copy of this Order; and

    d. a completed USM Form 285;

(6)   The Deputy Clerk shall send the Service Packet to the United States Marshals Service in Lexington, Kentucky and note the date of delivery on the docket;

(7)   The United States Marshals Service is directed to personally serve defendant APRN W. Whitney at the Eastern Kentucky Correctional Complex, 200 Road to Justice, West Liberty, Kentucky 41472, and it should do so through arrangement with appropriate officials at that institution;

(8)   Within 21 days after being served, defendant APRN W. Whitney must answer Thornton's complaint.  *See* Fed. R. Civ. P. 12; and

(9)     Thornton's motion for an extension of time (Doc. # 18) is **DENIED** as baseless.  At this point, the next step in the litigation is for defendant APRN W. Whitney to answer Thornton's complaint.  Once that responsive pleading is filed, the Court will issue a new Order regarding the next steps in this case.

This 11th day of December 2024.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Thornton 24-053 Order.docx